Good morning. May it please the Court, Eric Silber on behalf of the United States. The regional briefing in this case focused primarily on the Court's initial 18-month sentence and whether that was valid. The defendant's only argument on why the sentence was valid was that the ex post facto principles embodied within the due process clause required imposition of that sentence. As we indicated in our letter brief, this Court has now held in dupas that those ex post facto principles don't apply in this circumstance. And therefore, in this case, the 18-month sentence is valid. Excuse me, the 18-month sentence is not required, and the ex post facto principles do not require imposition of that sentence. Well, this is kind of a slightly reverse situation. In this case, at the time of the sentencing, probably the judge was right that you did require a jury to determine any facts that would enhance the sentence. And so she imposed a sentence that was consistent with the law at that time. In the other case, the law had changed, and the question was whether you could retroactively apply that, even though the conviction or the conduct was some time earlier. So I see this as not quite in sync. Do you understand what I'm saying? I do agree that there are some differences between the two, only in the extent of what the Court had imposed initially. Because in dupas, if I recall correctly, the Court had imposed a guideline sentence as had traditionally been applied, and the question was whether on remand the Sixth Amendment holding by Justice Stevens for the Court in Booker would apply only, and not the remedial opinion by Justice Breyer for the Court. But I do think that the difference is, although here the defendant got the 18-month sentence, as opposed to the 51-month alternative sentence at the time of sentencing, the ex post facto principles at least are the same, because the question is whether the defendant had fair warning that they faced a 51-month sentence. And at the time the defendant committed the offense, the defendant had fair warning of that, because at that time the Court could find enhancements by a preponderance of the evidence, and the defendant faced the 25-year statutory maximum that the defendant pleaded guilty to here. At the time the defendant pled guilty, the same principles were in effect. And in fact, right up until a couple days before the sentencing hearing in this case, those principles would have applied. So there really was fair warning all the way through. And the logic, at least on the ex post facto clause, would apply the same in dupas as it did here. Now there are questions that the Court has raised about whether the sentence now actually is 18 months, or whether it's the 51-month sentence, the alternative sentence the Court imposed. And as we indicated in our letter brief, we believe that the alternative 51-month sentence has actually taken effect in this case. We believe that's pursuant to both the plain wording of the judgment, as well as the plain wording of the pronouncement of sentence. I find it difficult to think that the sentence she imposed at the time of sentencing, the 18 months, was correct under the law at that time. But the judge says, well, if the law changes and it might, then we'll have a longer sentence. It just doesn't ring right. Well, I do think that what the Court did, because recognizing that the Court imposed the sentence here, I believe about a month after Blakely was decided, and about two days after this Court decided, Mline won. And so I think the Court recognized that the law at that time was in flux. And it was concerned about, I believe, that's at least my reading of the record, is not having an unnecessary remand in this case, which is why it would impose an alternative sentence. I don't think it was improper to do so. I don't think that the Court, when it actually imposed the alternative, was talking in hypotheticals. Because if you look at Government's Extractive Record, page 104 to 105, and that's the point in time in which the Court actually orally imposed the sentence. I mean, the Court discussed the alternative sentence earlier at Government's Extractive Record, page 95 to 96. And it discussed it at Government's Extractive Record, page 102, and talked about why a little bit about that it was going to do it and why it was going to do it. Doesn't the alternative sentence assume that the guidelines are mandatory? Well, I think it is, yes, it assumes that the guidelines are. Isn't that reason alone to say go back and if you want to sentence him to 51 months again or whatever it is, be my guest. But at least now you know that you don't have to. Well, we agree that a remand is required in this case or is appropriate in this case. The question, though, is if the 18-month sentence is in effect, then the remand is going to have to be an open remand for resentencing because the 18-month sentence is incorrect. Right. We believe that the Court clearly intended to and did impose a 51-month sentence if the conditions were met. And that is actually the sentence now. But because, as Your Honor indicated, that the Court was under the impression that the sentence that it didn't have discretion to do anything but the 51-month sentence, and the sentence that it imposed is a guideline sentence. It said it's a 51-month guideline sentence, which now is no longer the ultimate sentence in the case. It's one aspect of the sentencing inquiry under Section 3553A. We agree a remand is appropriate in this case. So how do you envision this will play out? Okay, it goes back, and now it's in front of Judge Snyder again, and what happens? We envision that it would be. They make their pitch. You make your pitch, and she resentences. I think the appropriate remedy, this is not exactly a situation like this Court faced in what I've called Ammaline 3, which is the in-bank decision in Ammaline. But, I mean, I think an appropriate remand would be what the Court did there, which is to ask the Court what it would have imposed a materially different sentence if it had known that it had discretion to do so. Because there's no challenge. The Court imposed the 51-month sentence if it could apply all the enhancements. It said that that was a sentence, and, in fact, used the term in the judgment that that sentence is imposed if the conditions were met, and the conditions were met here. So there's no reason to revisit the 51-month sentence and allow an open remand to do so. The question really, which is the same scenario that this Court faced in Ammaline 3. Again, it's a slightly different context there, but I think the ultimate remand should be limited to the same question, and that seems to be the appropriate remedy in this circumstance. Now, wait a minute. You want a remand and let the sentence, and have the judge be required to impose the 51-month sentence, or to have the remand and to reconsider the sentence and decide what the proper sentence should be? No. I apologize if there's any confusion on my part, Your Honor. Don't apologize. Just answer my question. We believe that the — Can you answer just yes or no to his question? Well, I guess it's alternative. What do you want? Tell me in a few words. We want the 51-month sentence to remain in effect, but that there be a limited remand for the Court to determine as a matter of discretion whether it would have imposed the guideline sentence as the ultimate sentence in this case. Because the guideline sentence is not — Well, you've answered it. You want the 51-month sentence to stand, except the judge would have discretion to do something else. Yes, Your Honor. You know, I have the impression — Do you have any cases involving these alternative sentences in which — where the sentence has been served? As in this case, he served 18 months already, hasn't he? He has. He's out. He's out at this point. That's a strange situation. Have there been any cases supporting your position in any other circuits? I'm not aware of any cases dealing with the Booker issue specifically. I mean, we did cite in our letter brief the Rademal case and the McLean cases by this Court, which in those cases were the defendant had completely served the sentence but nevertheless didn't have a legitimate expectation and finality in the sentence when the defendant had done so. Well, in those cases, the defendant wanted a reduction of sentences. Isn't that true? Well, in those cases — in both of those cases, if I recall, the defendant had sentences on multiple counts, and he successfully on appeal challenged the sentence as to one count. And the question is whether there would be resentencing on the remaining count, even though the defendant had fully served the sentence. And actually in Rademal, the defendant had not only fully served the sentence on the one count in which there would be resentencing, he had fully served all sentences available in that case, which was 14 months. I have one other question. What do you think — where is the authority in the statute for a judge to give alternative sentences? You know any statute that says Booker or not Booker? Judge, you can give a defendant a sentence of 31 months, or if something else comes up, you can raise it to 40 months, or if something else comes up, you can reduce it to 20 months? I don't know of any alternative. I don't know of any judge that has that authority. I'm not aware of any specific rule or statute that allows it or alternatively prohibits it. I would note in Medina, this court in dealing with continual criminal enterprise liability and lesser included offenses in which the defendant actually couldn't be convicted of both at the same time, at least double jeopardy would prevent the imposition of sentence or conviction of both. This court encouraged district courts in that circumstance to make alternative findings to prevent unnecessary remand, saying that if you imposed alternative sentences, if on appeal this court determined that one was invalid versus the other, the court could simply review the sentence as to the valid count rather than to require a remand. A lot of courts did that, but that was before Booker. At that time, we didn't know whether the Supreme Court would follow Blakely and apply it to federal sentencing. As a matter of fact, the prosecutors all said Blakely doesn't apply. Well, the most analogous circumstances that I can think of at least was in the pre-Mistretta days in which courts had declared that the Sentencing Reform Act in its entirety was invalid. And in that context, some courts had said, well, here's my sentence before the Sentencing Reform Act. But if the Sentencing Reform Act is determined to be constitutional, then here is my sentence under the Sentencing Reform Act. And I'll note that the Tenth Circuit in cases such as Garcia and Smith in those instances said that the alternative sentence became operative when the Supreme Court declared the Sentencing Reform Act constitutional. I note this court in Williams addressed a similar circumstance. Now, admittedly, in Williams, the BOP had made the determination that the alternative sentence had become operative in that circumstance. But this court reviewed the alternative sentence in that circumstance and upheld the guideline sentence. Thank you very much, Mr. Sobel. I apologize. No need to. Thank you. Good morning. May it please the Court. My name is Davina Chen, and I represent the appellee, Thomas Herman Goff. As an initial matter, I just can't agree with the government that the court actually imposed a 51-month sentence. It's abundantly clear from the record that the court was saying if the guidelines were in effect, as we've always known them to be in effect, and if this is all a passing phase, then it will be a 51-month sentence. That has not come about. As we all know, the guidelines are not in effect as they have been, as they had been before, as they had been at any time. The guidelines are now advisory. So as an initial matter, I don't think that this court can simply alter the 18-month sentence to a 51-month sentence and then remand for the district court to determine whether or not she would have done the same thing. She did not. Can we send it back for what he calls an open remand just to start from scratch? I think this court should either affirm the 18-month sentence or remand for a start from scratch, book or sentence. In your view, there's nothing wrong with the 18-month sentence, is there? That's right, Your Honor. Not only was it legal at the time it was imposed, it was imposed pursuant to Ameline 1, which followed Blakely. But it would, in fact, be legal now. Under 3553A, the court needs to impose a sentence that is sufficient but not greater than necessary to meet the statutory sentencing purposes. In this particular case, Mr. Goff is out. It's outside the record, but he has a full-time job. He has got his driver's license back. He got insurance. He's buying a car. He's actively participating in N.A. Well, that doesn't make any difference. We're not going to go into that. That just appeals to our tender hearts if we have any. We haven't been showing ourselves to be so tender this morning. Well, in any case, the argument, then, is really to the issue of the double jeopardy, which the government raised in its letter brief. The government argues persuasively that a higher sentence would not be double jeopardy barred, but I think that when this case is remanded, if it looks like the court will be remanding it, the defense could argue just as persuasively. Now, what are you saying looks like the court's going to remand? Don't. Don't concede. I'm sorry. Don't concede. Don't. I'm not conceding. Don't snatch victory from the jaws of the. Don't snatch defeat from the jaws of victory. I'm not conceding, Your Honors. I did note that the 18-month sentence would be legal both at the time that it was imposed and it would indeed be legal now. And there is an argument that if the court were to remand and if Judge Snyder were to oppose a higher sentence, that that sentence would in fact be double jeopardy barred. The government argues that my client could not have had a legitimate expectation of the finality in the sentence. However, not all the cases that the government cites are distinguishable. As this Court held in Arellano-Rios, a completed legal sentence does give a defendant a legitimate expectation of the finality of a sentence. Clearly, the custodial portion of the sentence has been completed. The real question is whether the sentence is legal. And for the reasons articulated by Judge Fletcher, at the time that it was imposed, it was in fact legal. This case is distinguishable from Kane, which is the case where the client was sentenced under the court didn't follow the guidelines because the Ninth Circuit had held the guidelines were unconstitutional. It's distinguishable from that case because in this case, first of all, we don't have a situation like they had in Kane where the guidelines were good and then they were bad and they became good again. We are not in a situation where the guidelines are good again. The law has changed. So it's distinguishable in that way. Moreover, in Kane, the Supreme Court had already granted cert in Mistrada by the time the defendant had been sentenced. So clearly, the defendant was on notice that the Sentencing Reform Act could imminently go into effect. In this case, the Supreme Court had not yet granted cert in Booker at the time Mr. Goff was sentenced. Therefore, it can't be said that Mr. Goff was on notice that the sentencing law would imminently change. Moreover, the appeal has dragged on. The government moved for a number of stays, and we didn't oppose those stays, but it extended the briefing schedule. The government was originally supposed to file its opening brief in November. They filed it in April. That is why Mr. Goff is now out at the time that this Court is hearing this. So I would argue not only that the 18-month sentence was legal at the time that it was imposed, that it continues to be legal now, and that a higher sentence is arguably double jeopardy barred. They cited a case in their letter brief called Myers that says, When the government is the party appealing the length of an imposed sentence as improperly short, the defendant's completion of that sentence does not moot the appeal because the government still alleges a remedial injury. The trial court's failure to impose the appropriate sentence pursuant to statute or the guidelines in such an appeal, the government's asserted need for a longer sentence than that imposed can be remedied only by appeal. That's a quote from this Myers case. Yes, Your Honor. I'm not arguing that they appeal as moot because arguably, if this Court remands, Judge Snyder could impose a lesser sentence. I'm not saying she would impose a lesser sentence, but she certainly could impose a lesser sentence. So this issue beyond the ---- But this suggests they could impose a higher sentence, too. I don't believe Myers was an issue regarding double jeopardy, Your Honor. I think it was an issue of mootness. Okay. Thank you, Ms. Chen. You're out of time, Mr. Sobers, so the case that's argued is submitted. We will take a ten-minute recess and start again with the Woods and Chubb and Son case after the ten-minute recess. Thank you.
judges: Bright , B. Fletcher, Silverman